**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,**

v.

**Alberta A. LOGAN, (widow of Raleigh V. Logan), Respondent.**

**No. 88–1612.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1989.

Decided Feb. 17, 1989.

Brian Peters and Michael Denney, Washington, D.C., for petitioner.

I. John Rossi, Des Moines, Iowa, for respondent.

Before WOLLMAN and BEAM, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

PER CURIAM.

The Director, Office of Workers' Compensation Programs, United States Department of Labor (the Director), appeals the decision of the Benefits Review Board (the Review Board). The Review Board held that contributions made by a miner to the Social Security Administration constituted contributions from the miner's property and thus fulfilled the financial dependency requirements for a surviving divorced spouse under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945, (the Act). We reverse.

Alberta A. Logan married Raleigh V. Logan, a coal miner, on December 11, 1918. They divorced on December 19, 1930. Although the divorce decree did not require Raleigh Logan to pay alimony or child support, he contributed monthly payments of fifty dollars to support his former wife and child until three months before his death. These payments augmented the $212 monthly social security benefits that Alber-

ta Logan received as the divorced wife of Raleigh Logan.

Raleigh Logan received black lung benefits from the Social Security Administration until his death on July 16, 1980, whereupon Alberta Logan applied for benefits under section 402(e) of the Act, 30 U.S.C. § 902(e), as the surviving divorced spouse. After the Department of Labor denied the application, Alberta Logan requested a formal hearing before an administrative law judge (the ALJ). At a hearing on December 6, 1983, the ALJ determined that Mrs. Logan was an eligible survivor and that she was entitled to benefits. After the ALJ denied the Director's motion for reconsideration, the Director appealed the ALJ's decision to the Review Board, which issued a per curiam affirmance of the ALJ's decision. This appeal followed.

To be eligible for black lung benefits, a surviving divorced spouse of a coal miner must establish that she was dependent on the miner the month before the miner died. Section 402(e) of the Act, 30 U.S.C. § 902(e), provides in pertinent part:

> (e) The term "widow" includes * * * a "surviving divorced wife" as defined in section 416(d)(2) of Title 42 who for the month preceding the month in which the miner died, was receiving at least one-half of her support * * * or was receiving substantial contributions from the miner (pursuant to a written agreement) or there was in effect a court order for substantial contributions to her support from the miner at the time of his death.

The accompanying regulations in 20 C.F.R. § 725.233 define some of the relevant terms:

> (b) *"Contributions" defined.* The term "contributions" refers to contributions actually provided by the contributor from such individual's property, or the use thereof, or by the use of such individual's own credit.
>
> \*    \*    \*    \*    \*    \*
>
> (g) *"One-half support" defined.* The term "one-half support" means that the miner made regular contributions, in cash or in kind, to the support of a divorced spouse at the specified time or for the specified period, and that the amount

of such contributions equalled or exceeded one-half the total cost of such individual's support at such time or during such period.

The ALJ noted that the social security benefits that Alberta Logan received were generated, in part, from payments made by Raleigh Logan. Therefore, the ALJ reasoned, the social security payments constituted a contribution from Raleigh Logan's property within the meaning of section 725.233(b). Because these benefits constituted more than one-half of Alberta Logan's support, the ALJ concluded that they fulfilled the financial dependency requirements for a surviving divorced spouse under the Act.

In *Director, OWCP v. Ball,* 826 F.2d 603 (7th Cir.1987), the Court of Appeals for the Seventh Circuit held that social security benefits received by a coal miner's widow as a result of the miner's employment are not the miner's property. Consequently, such a widow is not dependent on the miner for support within the meaning of the Act and is therefore not entitled to recover black lung benefits. We find the *Ball* court's reasoning persuasive, and we adopt it as our own, as did the Court of Appeals for the Sixth Circuit in *Director, OWCP v. Hill,* 831 F.2d 635 (6th Cir.1987).

The Review Board's decision is reversed.