**Irene TAYLOR, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT of LABOR, Respondent.**

**No. 91–2223.**

United States Court of Appeals, Fourth Circuit.

Argued March 2, 1992.

Decided June 16, 1992.

tiff should not recover multiple payments for

Roger Daniel Forman, Forman, Kanner & Crane, Charleston, W.Va., argued (Benita Whitman, Crandall & Pyles, on brief), for petitioner.

C. William Mangum, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., argued (Marshall J. Breger, Sol. of Labor, Donald S. Shire, Associate Sol., and Barbara J. Johnson, Counsel for Appellate Litigation, on brief), for respondent.

Before PHILLIPS and NIEMEYER, Circuit Judges, and MURRAY, Senior United States District Judge for the District of Maryland, sitting by designation.

OPINION

NIEMEYER, Circuit Judge:

The Black Lung Benefits Act of 1969, as amended, provides for the payment of ben-

the same injury.

efits to qualifying miners and their dependents. *See* 30 U.S.C. § 922 (1988). As defined in the Act and its implementing regulations, the term "dependent" includes a divorced spouse who receives at least one-half of his or her support from the miner. *See* 30 U.S.C. § 902(a); 20 C.F.R. § 725.207 (1991). The support must take the form of regular contributions actually provided by the miner from his or her property or credit. *See* 20 C.F.R. § 725.233.

In this case, we are presented with the question of whether a divorced wife of a miner, whose primary source of income derives from social security payments she receives as a result of the miner's prior employment, is entitled to augmented black lung benefits as the miner's dependent divorced spouse. Relying on decisions from the Courts of Appeals for the Sixth, Seventh, and Eighth Circuits, *see Director, OWCP v. Hill*, 831 F.2d 635 (6th Cir.1987) (per curiam); *Director, OWCP v. Ball*, 826 F.2d 603 (7th Cir.1987); *Director, OWCP v. Logan*, 868 F.2d 285 (8th Cir.1989) (per curiam), the Department of Labor's Benefits Review Board reversed the ALJ's award of benefits to the claimant, holding that the social security payments she receives are not contributions from the miner's property and, therefore, do not qualify as support under the Act. Persuaded by the reasoning of those cases, we affirm.

I

Emery and Irene Taylor married in 1940. Pursuant to an order of the Deputy Commissioner dated September 27, 1978, Emery Taylor, a former coal miner, was awarded black lung benefits, augmented by benefits to his dependent wife and children, commencing as of January 1, 1974. In 1985, after more than 44 years of marriage, the Taylors divorced. While neither the order of divorce nor any agreement required Emery to furnish alimony or child support, the order of divorce left open the possibility of support obligations "should either party desire to request the same in the future."

Shortly after the divorce, Irene Taylor ceased receiving black lung benefits as a dependent spouse, although she continues to receive benefits on behalf of her disabled son, Randall, who remains in her custody. On May 22, 1985, Irene Taylor requested an explanation from the Deputy Commissioner of the Department of Labor as to why she was no longer receiving benefits. The Deputy Commissioner treated her inquiry as a request for augmented benefits as a dependent divorced spouse and, after a series of correspondence, denied her benefits on the grounds that she was neither receiving "substantial support" from the miner nor had a court order for such support.

At Irene Taylor's demand, an ALJ conducted a formal hearing and in 1989 reinstated her augmented benefits. Although the ALJ found that Emery Taylor was not providing contributions to Irene pursuant to a written agreement and was not required to contribute pursuant to a court order, he nevertheless determined that Irene's receipt of social security benefits, which was based on Emery Taylor's prior employment, constituted "support from the miner" within the meaning of the Black Lung Benefits Act and the Secretary's regulations. While the ALJ recognized that the Courts of Appeals for the Sixth, Seventh, and Eighth Circuits have held that social security benefits received by a divorced claimant do not satisfy the Act's dependency requirements because the benefits received are not provided from the property or credit of the miner, he observed that the Fourth Circuit had not yet addressed the issue and that the benefits review board had, up to that time, held that social security benefits constitute support from the miner, *see Holmes v. Director*, 9 BLR 1–29 (1986). In accordance with the Board's decision in *Holmes*, the ALJ therefore determined that Irene Taylor was a dependent divorced spouse and reinstated her benefits.

A panel of the Labor Department's Benefits Review Board reversed and, relying on the courts of appeals' decisions, held that the social security benefits received by the claimant are not contributions or support from the miner within the meaning of the Act. In so holding, the Board concluded

that Irene Taylor was not entitled to benefits as a dependent divorced spouse and purported to overrule *Holmes* to the extent that this conclusion was inconsistent with that decision. This appeal followed.

## II

Under the Black Lung Benefits Act of 1969, as amended, 30 U.S.C. §§ 901–945, benefits are awarded to coal miners who are totally disabled within the meaning of the Act due to pneumoconiosis, a chronic disease of the lungs caused by coal mine dust. Augmented benefits may also be awarded to qualifying dependents of miners, including a dependent divorced spouse. *See* 30 U.S.C. § 902(a)(2); 42 U.S.C. § 416(d)(1) (defining "divorced wife" as "a woman divorced from an individual, but only if she had been married to such individual for a period of 10 years immediately before the date the divorce became effective"). To recover benefits the divorced spouse must demonstrate that he or she is financially "dependent upon the miner," *see* 20 C.F.R. § 725.207, by satisfying one of three statutory requirements: (1) that the claimant receives at least one-half of his or her support, as determined in accordance with regulations prescribed by the Secretary, from the miner, (2) that the claimant receives substantial contributions from the miner (pursuant to a written agreement), or (3) that there is in effect a court order for substantial contributions to his or her support from such miner. 30 U.S.C. § 902(a)(2); 20 C.F.R. § 725.207. Because Emery and Irene Taylor were married for more than 44 years before their divorce in 1985, Irene Taylor meets the relationship criterion and qualifies as a divorced wife under the Black Lung Benefits Act. *See* 30 U.S.C. § 902(a)(2). Thus the sole question presented by this appeal is whether Irene Taylor meets the requirements for establishing dependency.

Dependency can be established if the divorced spouse shows that he or she "receives at least one-half of [his or] her support, as determined in accordance with regulations prescribed by the Secretary, from

the miner." The regulations define "one-half support" to mean that

> the miner made regular contributions, in cash or in kind, to the support of a divorced spouse at the specified time or for the specified period, and that the amount of such contributions equalled or exceeded one-half the total cost of such individual's support at such time or during such period.

20 C.F.R. § 725.233(g). "Contributions" refers to "contributions actually provided by the contributor from such individual's property or the use thereof, or by the use of such individual's own credit." 20 C.F.R. § 725.233(b). The question therefore is whether the social security benefits that Irene Taylor receives on account of Emery Taylor's prior earnings are actually provided from his property or by use of his credit.

Of the three courts that have considered this question, all have concluded that social security benefits payable to the dependent are not from the miner's property or by use of his or her credit. In *Director, OWCP v. Ball*, 826 F.2d 603, 609 (7th Cir.1987), the court held that social security benefits received by a miner's surviving divorced spouse as a result of the miner's former employment do not qualify as support from contributions of the miner's property. The court explained:

> The funds available for payment of social security benefits are generated from an excise tax on employers, 26 U.S.C. § 3111(a) (1982), as well as from an income tax on individual wage earners, 26 U.S.C. § 3101(a) (1982). A recipient of social security benefits has no substantive right to a certain amount of benefits based on the amount contributed to the fund by employer and employee; rather, the recipient's amount of benefits is controlled by operation of law under 42 U.S.C. § 402 (1982), a separate statutory scheme. *Cf. Heckler v. Mathews*, [465 U.S. 728, 737, 104 S.Ct. 1387, 1394, 79 L.Ed.2d 646 (1984)]. As a result, "eligibility for [social security] benefits, and the amount of such benefits, do not in any true sense depend on contribution to the program through the payment of taxes," which are levied on employer and

employee alike. *Flemming v. Nestor,* [363 U.S. 603, 609, 80 S.Ct. 1367, 1371–72, 4 L.Ed.2d 1435 (1960) ]. None of the criteria listed in the payout scheme mentions the amount contributed by the employer or employee. Moreover, Congress at any time could legislatively alter or abolish altogether the benefits program irrespective of the contributions of employers and employees.

*Id.* at 607, 80 S.Ct. at 1370–71. Similar reasoning was employed by the court in *Director, OWCP v. Hill,* 831 F.2d 635 (6th Cir.1987) (per curiam):

Social security is not operated like an annuity. Those who contribute to it are not entitled to a sum certain in return. There is no guarantee that one who has paid into the fund will ever receive anything from the fund. Once money is paid into the fund, any connection between the money and the contributor is broken. The money becomes the property of the federal government, which is then responsible for making payments to eligible recipients in accordance with statutory standards.

*Id.* at 639 (following *Ball* in consolidated cases of a surviving divorced wife and a divorced wife). *See also Director, OWCP v. Logan,* 868 F.2d 285 (8th Cir.1989) (per curiam) (following *Ball* in case of surviving divorced wife). We now join this growing consensus.

When Emery Taylor contributed to the social security pension fund through the payment of taxes, he retained no property right in the money paid. While it is true that without his contributions, Irene Taylor would not be entitled to social security benefits, it does not follow that the benefits Irene Taylor receives are actually provided from Emery Taylor's property. In our view, social security payments are "derived not from the miner's property, but rather from funds held by the federal government under a statutory scheme for benefits under prescribed conditions." *Hill,* 831 F.2d at 640. Stated otherwise, the payment to Irene Taylor flows more specifically from a benefit allowed by Congress than from a property right owned or a credit established by Emery Taylor. Em-

ery Taylor could not elect to terminate Irene Taylor's rights to social security, and he has none of the aspects of control over her benefits that would normally be attributable to a property right or credit. We therefore conclude that the claimant's receipt of social security benefits, even though based on the miner's earnings record, does not demonstrate dependency *on the miner* within the meaning of the Black Lung Benefits Act.

■ Irene Taylor also argues that the Board improperly denied her benefits when it determined that the order of divorce does not provide for her support. *See* 30 U.S.C. § 902(a)(2) (Dependency may be shown when "there is in effect a court order for substantial contributions to [his or] her support from such miner."); 20 C.F.R. § 725.207(c) (Dependency is established if "[a] court order requires the miner to furnish substantial contributions to the individual's support."). She contends that the order of divorce does provide for her support because it affirms the right of the court to impose future alimony obligations. The order provides in relevant part:

[T]he Court makes no finding with respect to child support for the said child, Rand[a]ll Lee Taylor, and makes no decision with respect to alimony, and leaves the same open should either party desire to request the same in the future.

While the court, through its divorce order, apparently retained the right to impose support obligations at some later point in time, it did not presently require Emery Taylor to make any contributions to Irene Taylor's support. In fact, the court expressly "[made] no decision with respect to alimony." We cannot, by any fair reading, construe the order as one that "requires the miner to furnish substantial contributions" to Irene Taylor's support. *See* 20 C.F.R. § 725.207(c).

The order of the Benefits Review Board is accordingly affirmed.

AFFIRMED.