23 F.3d 400
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Evelyn DELANEY, Divorced Spouse of Att Delaney, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 93-1776.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 8, 1993.
Decided: May 4, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (91-604-BLA)
 Lawrence L. Moise, III, Vinyard & Moise, Abingdon, VA, for petitioner.
 Thomas S. Williamson, Jr., Sol. of Labor, Donald S. Shire, Assoc. Sol., Barbara J. Johnson, counsel for appellate Litigation, Cathryn Celeste Helm, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Evelyn Delaney seeks review of the Benefits Review Board's decision and order affirming the administrative law judge's denial of augmented black lung benefits pursuant to 30 U.S.C.Secs. 901-945 (1988). Our review of the record discloses that the Board's decision is based upon substantial evidence and that this appeal is without merit. Specifically, we agree with the determination that Delaney, as the divorced spouse of miner Att Delaney (the "miner"), was not "dependent" on the miner for purposes of 30 U.S.C.Sec. 902(a)(2) (1988) and 20 C.F.R. Sec. 725.207(c) (1993).
 
 
 2
 Under Sec. 725.207(c), a divorced spouse is dependent upon a miner and, therefore, eligible for augmented benefits if "[a] court order requires the miner to furnish substantial contributions to the individual's support." The plain, unambiguous language of the final divorce decree[1] neither affirmatively obligates the miner to contribute substantially to Delaney's regular support nor supports Delaney's contention that the decree encompassed an oral understanding that, in lieu of alimony or support, she would receive all augmented monthly benefits accruing after the first year of the miner's entitlement to benefits.
 
 
 3
 Moreover, "contributions," as that term is used in Sec. 725.207(c), must be "actually provided by the contributor from such individual's property, or the use thereof, or by the use of such individual's own credit." 20 C.F.R. Sec. 725.233(b) (1993). The benefits sought by Delaney, paid directly from the Black Lung Disability Trust Fund,[2] were "derived not from the miner's property, but rather from funds held by the federal government under a statutory scheme for benefits under prescribed conditions." Taylor v. Director, Office of Workers' Compensation Programs, 967 F.2d 961, 964 (4th Cir.1992) (quoting Director, Office of Workers' Compensation Programs v. Hill, 831 F.2d 635, 640 (6th Cir.1987)). These benefits, over which the miner has neither control nor authority to terminate, flow "more specifically from a benefit allowed by Congress than from a property right owned or a credit established by" the miner, and the receipt thereof does not demonstrate dependency on the miner. Taylor, 967 F.2d at 964.
 
 
 4
 The absence of substantial contributions by the miner and a court order requiring such contributions by the miner precludes a finding of Sec. 725.207(c) dependency. Hence, the Benefits Review Board correctly affirmed the denial of augmented black lung benefits, and we affirm the Board's decision and order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 In pertinent part, the divorce decree provides that Delaney "agrees to release her share of the black lung back pay check and the first twelve monthly black lung checks to the [miner]."
 
 
 [2]
 A creation of federal law, see 26 U.S.C. Sec. 9501 (1988), the Black Lung Disability Trust Fund is generated by an excise tax on coal production, 26 U.S.C. Sec. 4121 (1988); Helen Mining Co. v. Director, Office of Workers' Compensation Programs, 924 F.2d 1269, 1272 (3d Cir.1991), and administered by and paid out according to a complex federal statutory and regulatory scheme, independent of the amount contributed to the Fund by employers. 30 U.S.C. Secs. 921-925 (1988); 20 C.F.R. Secs. 725.1-725.711 (1993)