[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 02-16069
Non-Argument Calendar
_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT**
**September 9, 2003**
**THOMAS K. KAHN**
**CLERK**

BRB No. 2000-BLA-1074
OWCP No. 417-05-185

ANNIE COLEMAN, Widow of
Robert Coleman, Jr.,

Petitioner,

versus

DIRECTOR, OWCP,

Respondent.

_____

Petition for Review of an Order of the Benefits Review Board
United States Department of Labor

_____
**(September 9, 2003)**

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Petitioner Annie Coleman seeks review of the Office of Worker's Compensation Programs ("OWCP") Benefits Review Board's ("BRB") affirmation of the Administrative Law Judge's ("ALJ") interim decision and order finding that Mrs. Coleman was not entitled to Black Lung survivor's benefits. After review of the record, we deny the petition for review.

## I.

First, Mrs. Coleman argues that the ALJ abused his discretion in granting the OWCP's Acting Director's motion for summary judgment based on a finding that the instant claim was a duplicative survivor's claim. Mrs. Coleman asserts that her 1992 and 1994 claims were still viable because the District Director did not provide her with separate notice, pursuant to 20 C.F.R. § 725.409 (2000), and that her claims would be deemed abandoned if she did not communicate her intent to pursue the claims. She further asserts that the ALJ erred in granting the motion because he did not determine whether a genuine issue of material fact existed with respect to the issue of whether her husband's death was due to pneumoconiosis. Finally, she contends that the ALJ did not place Dr. Peter R. Smith's medical report into evidence, nor did the ALJ state what weight he attributed to the new evidence.

## II.

We have stated that in a petition for review under the Black Lung Benefits Act ("the Act"), "[d]ecisions of the ALJ are reviewable only as to whether they are in accordance with law and supported by substantial evidence in light of the entire record." *Bradberry v. Director, OWCP*, 117 F.3d 1361, 1364-65 (11th Cir. 1997).

> This deferential standard of review binds both the BRB and this Court. Because [we apply] the same standard of review to ALJ decisions as does the BRB, our review of BRB decisions is *de novo. Id.* at 1365. Thus, although the case comes to us from the BRB, we begin our analysis by reviewing the decision of the ALJ.

*Id.* The regulations provide that "[if] an earlier survivor's claim filed under this part has been finally denied, the new claim filed under this part shall also be denied unless the deputy commissioner determines that the later claim is a request for modification and the requirements of 725.310 are met." 20 C.F.R. § 725.309(d) (1999). Section 725.310(a) provides that "[upon] his or her own initiative, or upon the request of any party on grounds of a change in conditions or because of a mistake in a determination of fact, the deputy commissioner may, . . . at any time before one year after the denial of a claim, reconsider the . . . denial of benefits." 20 C.F.R. § 725.310(a) (1999).[1]

---

[1] The regulations applicable to the instant case were revised effective January 19, 2001; however, "[t]he version of those sections set forth in 20 C.F.R., parts 500 to end, edition revised as

**III**.

**A.**

The Act provides benefits to coal miners who are totally disabled by pneumoconiosis arising out of coal mine employment and to the survivors of miners whose deaths were caused by the disease. 30 U.S.C. § 901(a). Because pneumoconiosis is a latent and progressive disease, a miner's condition may worsen over time. *See Curse v. Director, OWCP*, 843 F.2d 456, 457 (11th Cir. 1988). In recognition of that fact, the Labor Department's regulations permit a miner whose first claim has been denied to pursue a later claim for benefits, provided the miner can establish a change in conditions of entitlement. *See* 20 C.F.R. § 725.309(c), (d) (1999) and 20 C.F.R. § 725.309(d) (2002).

Section 725.309 treats subsequent claims for survivors' benefits differently than subsequent miners' claims, however, because a deceased miner's condition is not subject to change. In particular, section 725.309(d) (1999) provides that if the BRB fully denies a survivor's claim, the BRB must also deny any later claim filed by that survivor. 20 C.F.R. § 725.309(d)(1999). A survivor may escape this result

---

of April 1, 1999, apply to the adjudications of claims that were pending on January 19, 2001. 20 C.F.R. § 725.2(c) (2002). Thus, the regulations in effect on April 1, 1999, govern the instant case. The BRB applied the 2000 edition of the Regulations. This error is, however, inconsequential as the 1999 and 2000 editions of the applicable regulations are identical.

4

only by filing the later claim within one year after the final denial of the earlier claim. In that case, the later claim may be considered a request for modification of the denial of the earlier claim under section 725.310. Modification requests must be filed within one year after the denial of a claim. 20 C.F.R. § 725.310(a) (1999); *see generally USX Corp. v. Director, OWCP*, 978 F.2d 656, 658 (11th Cir. 1992).

Section 725.309(d) reflects the Department's interest in administrative finality and res judicata. It encourages a survivor, such as Mrs. Coleman, to marshal expeditiously all of the evidence and arguments in support of her claim that her husband's death was due to pneumoconiosis. Such evidence may include medical evidence concerning the miner's condition prior to, and at the time of, his death, medical opinion evidence regarding the miner's cause of death and any relevant lay testimony. Assuming that the BRB has finally denied a survivor's initial claim, the regulation allows the surviving spouse, within one year after the final denial of benefits, to uncover or to generate new evidence in support of her claim, or to otherwise prove that the denial of benefits constituted a mistake in a determination of fact. If a survivor fails to act within the one-year period allowed for a modification petition, the BRB must deny any later claim.

In the present case, the ALJ properly found that Mrs. Coleman's first claim was finally denied in 1992, that her second claim was finally denied in 1994, and

that her third claim was filed in 2000. Applying section 725.309(d) to these facts, we conclude that the ALJ properly found that by operation of the regulation, he must deny Mrs. Coleman's third claim. The BRB properly affirmed that finding.

Mrs. Coleman's primary argument in her present petition is that the BRB did not finally deny her earlier claims and, thus, that her third claim should be considered a timely request for modification of the denials of the earlier claims. Specifically, she asserts that in denying the 1992 and 1994 claims, the District Director neglected to provide her with a thirty-day notice of intent to deny the claims by reason of abandonment contemplated by 20 C.F.R. § 725.409(b) (1999), and, that the absence of such notice prevented the decisions from becoming final.

Mrs. Coleman's section 725.409(b) argument has been rejected by the three circuit courts of appeal that have considered it. *See Clark v. Director, OWCP*, 838 F.2d 197, 199-200 (6th Cir. 1988); *Adkins v. Director, OWCP*, 878 F.2d 151, 152-53 (4th Cir. 1989); *Tonelli v. Director, OWCP*, 878 F.2d 1083, 1085-86 (8th Cir. 1989). Additionally, the BRB has consistently taken this approach since it first addressed the issue nearly twenty years ago in *Fetter v. Peabody Coal Co.*, 6 B. L. R. 1-1173 ( 1984).

Adopting the reasoning of our sister circuits, we conclude from the record that it is clear that in denying the 1992 and 1994 claims the District Director was

not required to provide Mrs. Coleman with the thirty-day abandonment notice addressed in section 725.409(b) in addition to the sixty-day abandonment notice that the District Director provided pursuant to section 725.410(c). Because Mrs. Coleman failed to take timely action following the denials of the 1992 and 1994 claims, we conclude the District Director, the ALJ, and the BRB properly denied both claims by reason of abandonment. 20 C.F.R. § 725.410(c)(1) (1999). Although, as Mrs. Coleman asserts, the standard for modification under section 725.310 is "very low," any request for modification must nevertheless be filed within the one-year limitations period. *See USX Corp. v. Director, OWCP*, 978 F.2d at 658-59. Thus, Mrs. Coleman's third claim, filed six years after the denial of her second, cannot, in our view, be considered a request for modification.

**B.**

Second, Mrs. Coleman argues that the ALJ erred in accepting into evidence the Acting Director's unsolicited "Reply to the Claimant's Response to Acting Director's Motion for Summary Judgment" without giving her an opportunity to respond thus violating her due process right. Mrs. Coleman supports her argument by contending that (1) the Director had neither sought, nor was he given permission to file the reply, (2) Mrs. Coleman was not given an opportunity to

7

respond, and (3) she suffered prejudiced because the ALJ's denial was based largely in part on arguments raised for the first time in the Director's reply.

We review *de novo* the BRB's decisions. *Bradberry*, 117 F.3d at 1365. We also review *de novo* a claimant's due process claims. *See Jordan v. Benefits Rev. Bd. of U.S. Dept. of Labor*, 876 F.2d 1455, 1459 (11th Cir. 1989).

> The threshold question in a procedural due process analysis asks whether the challenged government action deprived the claimant of a liberty or property interest that is protected by the due process clause. Minimum due process requires that before an individual may be deprived of property he be given notice and an opportunity for a hearing.

*Id.* The BRB properly determined that the ALJ's error, if any, in admitting the Director's reply brief was harmless because Mrs. Coleman's claim was clearly barred. *See* 20 C.F.R. §§ 725.309(d), 310(a). Moreover, assuming that Mrs. Coleman had a protected property interest in obtaining survivor's benefits, the ALJ gave her notice and an opportunity to respond to the Director's argument that her claim was legally barred, and she availed herself of that opportunity.

### C.

Third, Mrs. Coleman argues that the Acting Director's August 2, 2000, denial letter violated her due process rights. She claims that her due process rights were violated because the letter did not provide an adequate explanation that the

8

BRB was denying her claim pursuant to 20 C.F.R. § 725.309. She asserts that the BRB's statement that it was denying her claim pursuant to § 725.309 was printed in a different font from the remainder of the letter and was not prefaced by a typographic symbol, *i.e.*, a bullet, as the other stated ground for denial had been. Thus, she argues that she did not have adequate notice of the issues to be adjudicated.

Again, we review *de novo* the BRB's decisions. *Bradberry*, 117 F.3d at 1365. We also review *de novo* a claim that a denial notice violates due process. *Jordan*, 876 at 1459. When the adequacy of a notice is at issue, "[t]he question is not whether a particular individual failed to understand the notice but whether the notice is reasonably calculated to apprise intended recipients, as a whole, of their rights." *Id*.

We conclude that Mrs. Coleman's due process rights were not violated where the OWCP letter notified Mrs. Coleman that she did not qualify for benefits because (1) the evidence did not show her husband's death was due to pneumoconiosis, and (2) she had filed a prior claim which the BRB denied over a year ago and the case closed. As the BRB found, the current claim was a refiled claim, not a request for modification, and, therefore must be denied. See 20 C.F.R. § 725.309 (1999).

## IV.

For the foregoing reasons, we deny the petition for review.

PETITION FOR REVIEW DENIED.