[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 25, 2005
THOMAS K. KAHN
CLERK

No. 05-10163
Non-Argument Calendar
_____

Agency No. BRB 04-0205-BLA

MAY W. TUCKER,

Surviving Divorced Spouse
of James A. Tucker,

Petitioner,

versus

DIRECTOR, OWCP,

Respondent.

_____

Petition for Review of a Decision of the
Benefits Review Board
_____

(August 25, 2005)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

May W. Tucker, surviving divorced spouse of James A. Tucker ("the miner"), appeals pro se the Benefits Review Board's ("BRB") reversal of the grant of benefits to Tucker by the Administrative Law Judge ("ALJ"), pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901-945 ("the Act"). Upon review of the record and the arguments of the parties, we **AFFIRM** the BRB's decision.

## I. BACKGROUND

Tucker and the miner were married in 1937 and divorced in 1967. In March 1979, the Office of Workers' Compensation Programs ("OWCP") found that the miner was entitled to federal black lung benefits. In February 1980, the miner died, and Tucker filed her first claim for divorced survivors' benefits under the Act.

As part of her application, Tucker submitted a court order dated 28 November 1967. The order decreed the divorce of Tucker and the miner on the grounds of cruelty and ordered the miner to pay $15.00 per week to Tucker for the support and maintenance of Deborah, their minor child. In April 1980, the OWCP found that Tucker failed to show that she was dependent on the miner at the time of his death and denied Tucker's claim.

In April of 2002, Tucker filed the instant claim for survivors' benefits under the Act. The record included the 1972 United States income tax return filed by the miner. In the tax return, the miner claimed as dependents May Tucker, as his wife,

and two children, Diane and Deborah.[1]  After the OWCP again denied her claim, a

hearing was held before an ALJ.

After the 2003 hearing, the ALJ granted Tucker's claim for survivors' black

lung benefits under the Act.  The ALJ found that Tucker sustained her burden of

proving that an applicable condition of entitlement (dependency) had changed

since the denial of her 1980 claim, in that testimony at the hearing testimony and

the 1972 income tax return proved that the court-ordered $15.00 per week

constituted "support" under the Act, and the evidence otherwise showed that

Tucker was dependent on the miner.

The BRB reversed the ALJ.  The BRB found that the ALJ erred in finding

that the new evidence submitted by Tucker established a change in a condition of

entitlement because the issue of the dependency of a surviving divorced spouse is

based on the month before the month of the miner's death and is thus not capable

of change.

On appeal, Tucker advances two main arguments.  First, she contends that

she sufficiently established a change in a condition of entitlement by presenting

evidence and testimony not considered by the OWCP when it ruled on her 1980

claim.  Specifically, Tucker argues that hearing testimony, evidence that the miner

---

[1] Apparently, in the return, the miner was claiming that his wife at that time was Tucker, even though they had divorced in 1967, and that his two minor dependents were their daughter, Deborah, and his then-wife, Diane.

threatened Tucker with violence if she did not acquiesce at the time of their divorce to $15.00 monthly child support payment, and additional documents introduced into evidence, including the miner's 2002 Tax Return, demonstrated her dependence on the miner. Second, Tucker avers that the abuse by the miner, and the miner's alcoholism, present extraordinary circumstances that warrant a finding of dependency, even if they do not fit neatly into a subsection of the Act.

## II. DISCUSSION

"Decisions of the ALJ are reviewable only as to whether they are in accordance with law and supported by substantial evidence in light of the entire record. This deferential standard of review binds both the BRB and this Court." Lollar v. Ala. By-Prods. Corp., 893 F.2d 1258, 1261 (11th Cir. 1990). We review de novo decisions of the BRB. Id. "Thus, although [this] case comes to us from the BRB, we begin our analysis by reviewing the decision of the ALJ." Coleman v. Director, OWCP, 345 F.3d 861, 863 (11th Cir. 2003) (per curiam) (citation omitted). We have recognized that "substantial evidence" is "more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lollar, 893 F.2d at 1261-62 (citation omitted). We address each of Tucker's arguments in turn.

A.    New Evidence of a Change of Condition of Entitlement

"If a claimant files a claim [for benefits] more than one year after the

effective date of a final order denying a claim previously filed by the claimant," the claim "shall be denied unless the claimant demonstrates that one of the applicable conditions of entitlement . . . has changed since the date upon which the order denying the prior claim became final." 20 C.F.R. § 725.309(d). The conditions of entitlement for a surviving divorced spouse of a miner include that the claimant must have been "dependent on the miner at the pertinent time." 20 C.F.R. § 725.212(a)(2). We deem a surviving divorced spouse to have been dependent on the miner

> if, for the month before the month in which the miner died: (a) [she] was receiving at least one-half of . . . her support from the miner . . .; or (b) [she] was receiving substantial contributions from the miner pursuant to a written agreement . . . ; or (c) [a] court order required the miner to furnish substantial contributions to [her] support.

20 C.F.R. § 725.217. "One-half of her support " is defined as support that "equaled or exceeded one-half the total cost of such individual's support at such time or during such period." 20 C.F.R. § 725.233(g).

Because this claim was filed in 2002, more than one year after the 1980 claim, Tucker must demonstrate that a condition of entitlement–here, her dependency on the miner–has changed since 1980. See 20 C.F.R. § 725.309(d). We assume without deciding that new evidence may establish a change in a condition of entitlement, including the dependency of a surviving divorced spouse. Even so, applying the criteria set forth in 20 C.F.R. § 725.217, we conclude that

5

substantial evidence does not support the ALJ's finding that Tucker demonstrated her dependency on the miner. First, there is no evidence in the record that Tucker was receiving substantial contributions from the miner pursuant to a written agreement. Second, none of the evidence to which Tucker points supports a finding that "[a] court order required the miner to furnish substantial contributions to [her] support." 20 C.F.R. § 725.217(c). The 1967 court order required the miner to provide weekly support for Tucker's minor child, not for Tucker herself. See Director, OWCP v. Ball, 826 F.2d 603, 605-06 (7th Cir. 1987) (noting that an order for support of the spouse's child only does not qualify under 20 C.F.R. § 725.217(c)). Third, we cannot conclude, based on the new evidence Tucker submitted, that "[she] was receiving at least one-half of . . . her support from the miner . . ." 20 C.F.R. § 725.217(a). Although the miner may wrongfully have claimed Tucker as a dependent in his 1972 tax return, the miner's subjective notion that he supported Tucker does not establish her dependency on him as defined by the regulations. Furthermore, there is no evidence that Tucker depended on the miner for at least one-half of her support the month before the month of his death. To the contrary, Tucker's daughter Phyllis testified that when Tucker "had no means of support whatsoever" after the divorce, Tucker survived "[j]ust with what help [Phyllis and her husband] could give." R1, Tr. at 20. Additionally, Tucker's daughter Beverly testified that the miner gave Tucker no money in the months

6

before his death. Although Tucker's daughter Deborah indicated that she, as "a 16 year old child," allowed Tucker to use part of the fifteen dollar weekly payment for Tucker's own support, id. at 24, this has no bearing on the use of any payment in the month before the month of the miner's death, which was approximately thirteen years later.[2] Thus, because there is no evidence demonstrating that Tucker was dependent on the miner in the month before the month in which the miner died, substantial evidence does not support the ALJ's finding that Tucker had demonstrated that the applicable condition of entitlement, her dependency on the miner, had changed since the denial of her previous claim. See 20 C.F.R. § 725.309(d).

B.      Extraordinary Circumstances Warranting a Finding of Dependency

In her appellate brief, Tucker cites Briggs v. Director, OWCP, 13 BLR 3-470 (1990), a case decided by an ALJ, to support her claim that her extraordinary circumstances warrant a finding of dependency. Tucker attached a copy of the case to the brief submitted to the BRB. In Briggs, the ALJ made a finding of dependency on the basis of regulation 20 C.F.R. 727.227. 13 BLR at 476. That regulation was removed by the Department of Labor effective 19 January 2001. 65 FR 80107 (Dec. 20, 2000). We have not found, and Tucker does not cite, any

---

[2] In a letter dated 3 August 2002, Deborah claimed that the fifteen dollars represented she and her mother's entire income for 1967. Again, this has no bearing on the use of the payment in the month before the month of the miner's death.

additional legal authority that supports her argument and is still in effect.

Accordingly, we reject Tucker's argument that she is entitled to a finding of

dependency because of extraordinary circumstances.

### III.  CONCLUSION

Because we find that substantial evidence does not support the ALJ's finding

that Tucker was dependent on the miner under 20 C.F.R. § 725.217, and that

Tucker's extraordinary circumstances do not warrant a finding of dependency, we

**AFFIRM** the BRB's decision reversing the ALJ's grant of survivors' benefits to

Tucker under the Act.