

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2004

# Lombardy v. Director OWCP

Precedential or Non-Precedential: Precedential

Docket No. 03-1211

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Lombardy v. Director OWCP" (2004). *2004 Decisions.* Paper 1052.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1052

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed January 6, 2004

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1211

MARY LOMBARDY (Surviving Divorced
Spouse of FRANK LOMBARDY),
*Petitioner*

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,
*Respondent*

On Appeal from the Benefits Review Board
United States Department of Labor
BRB No. 02-0428 BLA

Submitted Under Third Circuit L.A.R. 34.1(a)
December 11, 2003

Before: AMBRO, FUENTES, and GARTH, *Circuit Judges*

(Opinion Filed: January 6, 2004)

James A. Horchak
Quatrini Rafferty Galloway, P.C.
Underwood Center
550 East Pittsburgh Street
Greensburg, Pennsylvania 15601

Attorney for Petitioner
Mary Lombardy

Howard M. Radzely
Donald S. Shire
Christian P. Barber
Katie M. Streett
Patricia M. Nece
Mark E. Papadopoulos
United States Department of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

Attorneys for Respondent
United States Department of Labor

## OPINION OF THE COURT

GARTH, *Circuit Judge*:

Mary Lombardy appeals from the Benefits Review Board's decision and order affirming the Administrative Law Judge's decision which denied Lombardy benefits on a survivor's claim filed pursuant to Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq* (the "Act"). We will affirm.

### I.

We recount the facts and the procedural history of the case only as they are relevant to the following discussion. Mary Lombardy is the surviving divorced spouse of Frank Lombardy. Frank Lombardy, a miner, was born on February 5, 1891. He worked in coal mines from January 1, 1937 to July 31, 1955. He married Mary Lombardy on August 17, 1950, and they divorced on January 9, 1964. Mrs. Lombardy began receiving benefits under the Social Security Act ("SSA") based on her husband's employment when she turned 65 on March 28, 1983. Frank Lombardy contracted pneumoconiosis ("black lung") as a result of the conditions of coal mine employment, and was awarded lifetime black lung benefits under the Act. He died on September 5, 1985.

Mary Lombardy filed a survivor's claim for black lung benefits under the Act on March 24, 2000. The claim was

ultimately denied by the district director on August 25, 2000, on the grounds that Mrs. Lombardy was not a dependent under the Act and under the applicable regulations. *See* 20 C.F.R. § 725.217. Mrs. Lombardy appealed and requested a hearing. *See* 20 C.F.R. § 725.452.

The case was referred to the Office of the Administrative Law Judges on May 31, 2001. A hearing was held in Pittsburgh, Pennsylvania before Administrative Law Judge ("ALJ") Daniel L. Leland. On February 12, 2002, ALJ Leland denied Mrs. Lombardy's claim for survivor benefits. The denial was based on the position that was adopted by the Benefits Review Board in *Taylor v. Director, O.W.C.P.,* 15 BLR 1-4, 7 (1991), that receipt of SSA benefits by a miner's divorced surviving spouse as a result of the miner's employment does not constitute receipt of contributions from the miner's property necessary to support a claim for benefits under the Act.

Mrs. Lombardy appealed ALJ Leland's decision to the Benefits Review Board (the "Board"), which affirmed the ALJ's denial of benefits on November 26, 2002.

## II.

We have jurisdiction to hear this appeal pursuant to 30 U.S.C. § 932(a). This court reviews Board decisions for errors of law and for adherence to its own standard of review. *See Barren Creek Coal Co. v. Witmer,* 111 F.3d 352, 354 (3d Cir. 1997); *see also, Director, Office of Workers Comp. Programs v. Barnes & Tucker Co.,* 969 F.2d 1524, 1526-27 (3d Cir. 1992). The Board must accept an ALJ's findings of fact if they are supported by substantial evidence in the record considered as a whole. *BethEnergy Mines Inc. v. Director, Office of Workers' Comp. Programs,* 39 F.3d 458, 463 (3d Cir. 1994); *Oravitz v. Director, Office of Workers' Comp. Programs,* 843 F.2d 738, 739 (3d Cir. 1988). Matters of law are subject to plenary review by this Court. *United States v. Jefferson,* 88 F.3d 240, 241 (3d Cir. 1996).

## III.

The Act provides benefits to the surviving divorced spouse of a miner who was disabled due to pneumoconiosis

(1) if the surviving divorced spouse is unmarried, (2) if the surviving divorced spouse was dependent on the miner, and (3) if the miner was receiving benefits under the Act or was disabled due to pneumoconiosis. 20 C.F.R. §§ 725.217(a), 725.201(a)(2), 725.201(b). The issue in this case is whether Mrs. Lombardy, the surviving divorced spouse, was "dependent upon the miner."

The applicable regulation provides, in relevant part, that a surviving divorced spouse "shall be determined to have been dependent on the miner if, for the month before the month in which the miner died[, t]he individual was receiving at least one-half of his or her support from the miner (see § 725.233(g)) . . . ." 20 C.F.R. § 725.217(a), 30 U.S.C. § 902(a)(2).[1] Section 725.233(g) states:

> "one-half support" means that the miner made regular contributions, in cash or in kind, to the support of a divorced spouse at the specified time or for the specified period, and that the amount of such contributions equalled or exceeded one-half the total cost of such individual's support at such time or during such period.

20 C.F.R. § 725.233(g). "Contributions" are defined as "contributions actually provided by the contributor from such individual's property, or the use thereof, or by the use of such individual's own credit." 20 C.F.R. § 725.233(b).

Mrs. Lombardy argues that she is entitled to benefits as a dependant of Frank Lombardy because she received SSA benefits, which are based upon his employment earnings and are therefore a "use of [his] own credit" under § 725.233(b). Alternatively, Mrs. Lombardy argues that the SSA benefits are an in-kind transfer of property from Frank Lombardy to her "through the intermediary of the Federal government." Br. at 9. We reject both arguments.

In *Director, O.W.C.P., U.S. Dept. of Labor v. Ball,* 826 F.2d 603 (7th Cir. 1987), the Seventh Circuit addressed whether social security benefits qualify as support from

---

1. The parties have stipulated that Mrs. Lombardy was not receiving contributions from Frank Lombardy based on a written agreement or court order, and therefore 20 C.F.R. §§ 725.217(b) (c) do not apply.

contributions of the miner's property under the Act. That court determined that they did not, rejecting the claimant's comparison of SSA benefits based on a former spouse's earnings to direct transfers of property from the former spouse, and noting that "Congress did not intend to provide a divorced wife a windfall at the time of her former husband's untimely death due to black lung disease." *Id.* at 609. The *Ball* decision did not address whether receipt of SSA benefits based on a former spouse's earnings constitutes use of his credit under the Act.

In *Director, Office of Workers' Comp. Programs v. Hill,* 831 F.2d 635 (6th Cir. 1987), the Sixth Circuit addressed both of the arguments that Mrs. Lombardy makes in this case. As to the claim that receipt of SSA benefits based on the miner's employment earnings constitute a use of the miner's credit, the Sixth Circuit noted that it was rejected by the Supreme Court's decision in *Flemming v. Nestor,* 363 U.S. 603, 609-610 (1960).[2] 831 F.2d at 639. And as to the claim that SSA benefits constituted the miner's property under the Act, the Sixth Circuit, following *Ball,* held that they did not. *Id.* at 639-641.

Thereafter, the Eighth Circuit, relying entirely upon the reasoning in *Ball,* held that SSA benefits received by a coal miner's widow as a result of the miner's employment are not the miner's property, and therefore she is not dependent upon the miner for support and is not entitled to benefits under the Act. *Director, Office of Workers' Comp. Programs v. Logan,* 868 F.2d 285, 286 (8th Cir. 1989).

The *Ball, Hill* and *Logan* decisions prompted the Board to overrule its previous position concerning whether receipt of SSA benefits based on a miner's employment could render the recipient a dependent within the purview of 30 U.S.C. § 902(a)(2). *Taylor v. Director, Office of Workers' Comp. Programs,* 15 BLR 1-4 (1991), *aff'd sub nom, Taylor v. Director, O.W.C.P.,* 967 F.2d 961, 963 (4th Cir. 1992). In

---

2. The Supreme Court in *Flemming* wrote: "It is apparent that the noncontractual interest of an employee covered by the Act cannot be soundly analogized to that of the holder of an annuity, whose right to benefits is bottomed on his contractual premium payments." 363 U.S. at 610.

*Taylor,* the Board held that SSA benefits do not constitute contributions from miners under the Act for the purpose of determining whether a divorced surviving spouse is a dependent deserving benefits under the Act. 15 BLR at 3. The Board wrote: "Our holding that Social Security benefits do not constitute contributions within the meaning of Section 725.207(a) will, therefore, be applied in all cases arising within all judicial circuits." *Id.*

## IV.

The Third Circuit has not yet had the opportunity to rule on this issue. Without our guidance, the Board decided Mrs. Lombardy's appeal from the ALJ's decision in accordance with its holding in *Taylor.* We endorse the reasoning contained in *Ball* and *Hill.* Accordingly, we hold that Mrs. Lombardy's receipt of SSA benefits based on Frank Lombardy's earnings does not establish that she was dependent on Frank Lombardy and therefore does not entitle her to benefits under the Act.

For the foregoing reasons, the decision of the Board of Appeals will be AFFIRMED.

A True Copy:
      Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*