

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2007

# Lehan v. Director OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1675

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lehan v. Director OWCP" (2007). *2007 Decisions.* Paper 1219.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1219

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NON-PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  06-1675

MARTHA H. LEHAN, widow
of CHARLES B. LEHAN,

Petitioner

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,

Respondent
_____

On Petition for Review of a Decision and Order
of the Benefits Review Board
(BRB No. 05-0232 BLA)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 11, 2007

Before: SMITH, NYGAARD, and HANSEN,[*] *Circuit Judges*

(Filed:  April 25, 2007)
_____

OPINION
_____

_____

[*]The Honorable David R. Hansen, Senior Circuit Judge of the United States
Court of Appeals for the Eighth Circuit, sitting by designation.

Hansen, *Circuit Judge*.

Before us is a Petition for Review of the decision of the Benefits Review Board (BRB) affirming the Administrative Law Judge's (ALJ) denial of Martha Lehan's claim for survivor's benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. The ALJ denied Mrs. Lehan's claim for survivor's benefits after determining that pneumoconiosis did not contribute to or hasten the death of her husband, Charles Lehan. After careful review, we affirm.

## I.

Because we write only for the parties, we provide only a brief summary of the facts set forth in the numerous ALJ and BRB decisions that preceded this current petition. Mr. Lehan worked as a coal miner for at least ten years. He was awarded benefits pursuant to the Black Lung Benefits Act in 1990, after it was determined that he suffered from pneumoconiosis to a level that prevented him from engaging in his prior work as a coal miner. Mr. Lehan died on December 10, 1991, after collapsing at his home. The cause of death was listed on the death certificate as acute cardiac and respiratory failure.

Mrs. Lehan filed a claim for survivor's benefits on January 16, 1992. The claim was denied in 1993, but a panel of this court reversed the BRB's decision and remanded the matter for development of further evidence. *Lehan v. Director, OWCP*, 60 F.3d 815 (3d Cir. 1995) (table) (unpublished). The remanded claim was denied on June 19, 1996, after a hearing before an ALJ, and Mrs. Lehan's appeal from that denial was denied as untimely in 1997. Mrs. Lehan filed a modification request in June 1997, which was denied after another

2

formal hearing before an ALJ. The BRB affirmed the dismissal on May 12, 2000, and this court denied review on March 26, 2001. Another modification request was filed on August 10, 2001, which was also denied. The instant request for modification was filed by Mrs. Lehan on September 30, 2003. An ALJ denied the claim on November 3, 2004, and that decision was affirmed by the BRB on October 7, 2005.

During the formal hearing on Mrs. Lehan's 2003 modification request, the ALJ considered information from the prior record, including the death certificate and affidavit of the coroner; medical records from the emergency room Mr. Lehan was taken to upon his collapse; examination notes and notes regarding this claim from Dr. Frank Walnista; an affidavit from Martha Lehan; statements from various individuals who knew Mr. Lehan; and medical opinions from Dr. Charles Aquilina, Dr. Leon Cander, and Dr. Sander Levinson. New information before the ALJ included a modified medical opinion from Dr. Levinson, the medical opinion of Dr. Michael Sherman, and the testimony of Mr. Lehan's son, George. After reviewing the prior record, the ALJ determined that the previous ALJ had not made any mistake in any determination of fact. He then reviewed the new medical evidence and found that Mrs. Lehan failed to prove that her husband's death was due to pneumoconiosis and denied the claim for survivor's benefits.

The BRB affirmed the ALJ's denial of benefits, finding upon review that the ALJ had permissibly weighed the conflicting medical opinions. The BRB found that substantial evidence supported the ALJ's determination that Dr. Sherman's opinion was the more supported and better reasoned of the two opinions, as well as the ALJ's ultimate denial of

3

benefits.

## II.

We have jurisdiction to hear this appeal pursuant to 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a). *See Lombardy v. Director, OWCP*, 355 F.3d 211, 213 (3d Cir. 2004). BRB decisions are reviewed "for errors of law and for adherence to its own standard of review." *Id.* We exercise plenary review over issues of law. *Id.*

In order to receive survivor's benefits, Mrs. Lehan had to prove that her husband's death was "due to pneumoconiosis" that arose out of his work as a coal miner. 30 U.S.C. § 901(a). "[D]eath will be considered to be due to pneumoconiosis if . . . (1) . . . pneumoconiosis was the cause of the miner's death, or (2) . . . [w]here pneumoconiosis was a substantially contributing cause or factor leading to the miner's death or where the death was caused by complications of pneumoconiosis." 20 C.F.R. § 718.205(c)(1)-(2). A "substantially contributing cause" is defined as being one that "hastens the miner's death." 20 C.F.R. § 718.205(c)(5).

Mrs. Lehan's sole argument is that the ALJ erred in determining that the record did not support a finding that Mr. Lehan's pneumoconiosis was a substantial contributing factor to his death, a determination that rendered her ineligible for survivor's benefits.

New information before the ALJ included the modified medical opinion of Dr. Levinson. Previously, Dr. Levinson had opined that the cause of Mr. Lehan's death was sudden cardiac arrest, and that pneumoconiosis was not a substantially contributing factor. However, Dr. Levinson changed his official opinion in a report issued in May 2003, stating

4

that while cardiac arrest was the official cause of death, pneumoconiosis was a substantial factor causing that fatal cardiac arrest. In arriving at this modified opinion, Dr. Levinson reviewed the death certificate, the report and deposition of Dr. Aquilina, Dr. Cander's report, the notes from Dr. Walnista (Mr. Lehan's treating physician), notes from Dr. Levinson's own examinations of Mr. Lehan in 1985 and 1987, and his own original report regarding the cause of death that was issued in 1992. Dr. Levinson also reviewed the statement of several individuals who knew Mr. Lehan and who spoke about Mr. Lehan's health in the period of time before his death. Dr. Levinson discounted the medical opinion of Dr. Walnista, finding it less than probative. He also did not review the emergency room records from the day Mr. Lehan died. Dr. Levinson concluded that the evidence supported the finding that pneumoconiosis was a substantial contributing factor in Mr. Lehan's death based upon his recent review of the medical records and the fact that witnesses stated Mr. Lehan's respiratory difficulties had been worsening in the days prior to his death.

Other new evidence before the ALJ included the medical opinion of Dr. Sherman. Dr. Sherman issued a report in April 2004 after reviewing both of Dr. Levinson's reports and responses; Dr. Aquilina's report and deposition; Dr. Walnista's examination records and reports; results from various X-rays, pulmonary function tests, and blood gas tests undergone by Mr. Lehan; the death certificate; the coroner's affidavit; and the emergency room records from the date of Mr. Lehan's death. Dr. Sherman also reviewed the sworn statements from the individuals who knew Mr. Lehan. Dr. Sherman opined that the cause of death was acute coronary arrest, based upon the facts that Mr. Lehan had suddenly lost consciousness and

5

collapsed, and that a cardiogram showed ventricular fibrillation. He stated that the cause of the arrest was likely a plaque rupture in the coronary artery, followed by the formation of a blood clot that blocked the artery. His report concluded that pneumoconiosis was not a substantial contributing factor to the death, stating that pulmonary disease would not have played a role in the sudden release of the plaque or the formation of the blood clot. Dr. Sherman stated further that Mr. Lehan's pulmonary function was only mildly diminished at most, and that the increased breathing difficulties that were reported in the time before his death were likely caused by cardiac disease, not lung disease. The opinion concluded that there was no evidence that pneumoconiosis was a substantial cause of Mr. Lehan's death.

The ALJ reviewed the record and both opinions and found that Dr. Sherman's medical opinion was more reasoned and better documented than that of Dr. Levinson. *See Balsavage v. Director, OWCP*, 295 F.3d 390, 397 (3d Cir. 2002) (stating that an "ALJ may disregard a medical opinion that does not adequately explain the basis for its conclusion") (internal marks omitted); *Mancia v. Director, OWCP*, 130 F.3d 579, 588 (3d Cir. 1997) (noting that "an ALJ may properly reject a medical opinion that does not adequately explain the basis for its conclusion") (internal marks omitted). The ALJ noted that Dr. Levinson did not review the emergency room records from the day of Mr. Lehan's death, and that he seemed to rely on the fact that Mr. Lehan had been receiving benefits prior to his death to conclude that pneumoconiosis must have been a substantially contributing factor to his death. In addition, the ALJ stated that Dr. Levinson's opinion was not well-reasoned because Dr. Levinson said he discounted Dr. Walnista's medical opinion because Dr. Walnista had not treated Mr.

6

Lehan in the period just prior to the time of his death, even though Dr. Walnista had last seen Mr. Lehan approximately three months prior to his death.  While Dr. Levinson discounted Dr. Walnista's opinion as too remote, he did not discount his own medical report or that of Dr. Aquilina, even though neither of them had treated Mr. Lehan since 1987.

Our thorough review of the record convinces us that the ALJ considered all the relevant evidence and set forth a sufficient reasonable rationale for crediting Dr. Sherman's medical opinion over the modified medical opinion of Dr. Levinson.  The ALJ fulfilled his statutory duties, his findings are supported by substantial evidence, and we find no error.

## III.

Accordingly, we will deny the Petition for Review and will affirm the order of the Benefits Review Board entered on October 7, 2005.