OPINION
PER CURIAM.
Robert Felton, proceeding pro se, appeals from the September 27, 2007 decision of the Benefits Review Board (“BRB”) upholding an Administrative Law Judge’s (“ALJ”) denial of his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-944.
Robert Felton was employed as a coal miner at BethEnergy Mines for eighteen years, working underground as a roof bol-ter and car operator mechanic. He retired in 1993. On June 24, 2002, Felton filed a claim for benefits alleging that he suffers from pneumoconiosis and that he was totally disabled.
Black lung benefits are awarded to coal miners who are totally disabled by pneumoconiosis caused by inhalation of harmful dust in the course of coal mine employment. See 30 U.S.C. § 901(a). In order to be entitled to benefits, a claimant must establish: 1) the existence of pneumoconiosis; 2) that the pneumoconiosis arose out of coal mine employment; and 3) that the pneumoconiosis is totally disabling. See 20 C.F.R. § 718.201(a); Labelle Processing Co. v. Swarrow, 72 F.3d, 308, 312 (3d Cir.1995).
An ALJ held a formal hearing in Fel-ton’s case on February 28, 2006. After considering the evidence presented in the case, he concluded that Felton had not established the existence of clinical or legal pneumoconiosis — either of which is sufficient to support a finding of pneumoconio-sis. See 20 C.F.R §§ 718.201(a)(1) and 718.201(a)(2).[1] The ALJ also determined, in the alternative, that Felton had not established that he suffers from a totally disabling respiratory condition. See 20 C.F.R. § 718.204(b)(1).
I.
We have jurisdiction to hear this appeal pursuant to 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a).[2] See Lom *189 bardy v. Director, OWCP, 355 F.3d 211, 213 (3d Cir.2004). We review the BRB’s decision to determine whether an error of law has been committed and whether it has adhered to its statutory scope of review. Kowalchick v. Director, OWCP, 893 F.2d 615, 619 (3d Cir.1990). The BRB is bound by the AL J’s factual findings if they are supported by substantial evidence. Id. Thus, in reviewing the BRB’s decision, we must independently review the record and decide whether the ALJ’s findings are supported by substantial evidence. Id. Substantial evidence is “more than a mere scintilla,” and is “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Id.
II.
In his petition for review, Felton appears to generally contend that the ALJ erred in denying his claim for benefits, but he does not set forth any case law which might support his argument. His informal brief does contend, however, that the ALJ erroneously determined that one of the three experts in the case lacked “credibility.” Based upon our review of the record, we conclude that the BRB’s determinations were supported by substantial evidence.
As mentioned earlier, proving the existence of pneumoconiosis is an essential condition of entitlement to benefits. By regulation, the existence of pneumoconiosis may be established by: 1) X-ray; 2) biopsy or autopsy; 3) invocation of presumptions; or 4) reasoned and documented medical opinion. See 20 C.F.R. § 718.202(a). In Felton’s case, the ALJ considered multiple chest X-ray readings and the medical opinions of three expert physicians.[3]
Felton underwent three separate chest X-rays, two in June 2003 and a third in November 2004. The X-rays were uniformly negative for clinical pneumoconio-sis. Dr. Gregory Fino, a Board-certified internist and Board-certified pulmonologist, examined Felton in July 2003 at the request of BethEnergy, finding no pneu-moconiosis and no respiratory impairment. Dr. Ahmad Kahn, a Board-certified internist, also examined Felton in July 2003 at the request of the Department of Labor. Dr. Kahn diagnosed Felton with mild obstructive airway disease resulting in “minimal” impairment. In his report, he cited both Felton’s over 16-year smoking history and his coal mine employment as the “probable” cause of the airway disease. He further explained that it was “difficult to ascertain [causation] based upon minimal functional impairment” and that “other etiologies] need to be ruled out.” DX16 at 10. Lastly, at BethEnergy’s request, Dr. George Zlupko, a Board-certified internist, examined Felton in January 2005. Dr. Zlupko diagnosed no pneumoco-niosis and no pulmonary function impairment.
Based upon the evidence, the ALJ concluded that Felton had not proved the existence of pneumoconiosis. Specifically, the ALJ determined that the evidence failed to establish “clinical” pneumoconio-sis because the X-ray readings were negative for the disease. The ALJ also determined that the evidence failed to establish “legal” pneumoconiosis because Drs. Fino and Zlupko specifically diagnosed no respiratory disease of any kind, and Dr. Kahn— while diagnosing coal mine employment as a “probable” cause of Felton’s airway disease — was equivocal in his diagnosis. The ALJ also took into account that Dr. Fino was better eredentialed than Dr. Kahn and that Dr. Kahn acknowledged difficulty in *190 determining causation because of the “minimal” nature of Felton’s impairment. DX 16 at 10.
Based upon our review of the record, we find that the BRB appropriately determined that the ALJ’s finding of no pneu-moconiosis was supported by substantial evidence. As a result, Felton was not entitled to benefits.[4] First, all three of Felton’s chest X-rays were negative for the disease. Second, it was acceptable for the ALJ to afford less weight to Dr. Kahn’s diagnosis of legal pneumoconiosis because his opinion was equivocal. See Soubik v. Director, OWCP, 366 F.3d 226, 234 n. 12 (3d Cir.2004) (an ALJ may “minimize the probative value” of an equivocal doctor’s opinion). Third, the ALJ was permitted to afford greater weight to the opinion of Dr. Fino than that of Dr. Kahn because Dr. Fino is a Board-certified pul-monologist as well as a Board-certified internist. See Balsavage v. Director, OWCP, 295 F.3d 390, 396-97 (3d Cir.2002) (holding that an ALJ may weigh the various credentials of the physicians giving opinions).[5]
The ALJ fulfilled his statutory duties, and his findings were supported by substantial evidence. Accordingly, we find no error. For the foregoing reasons, we deny the Petition for Review and affirm the order of the Benefits Review Board entered on September 27, 2007.

. “Legal pneumoconiosis includes any chronic lung disease or impairment and its seque-lae arising out of coal mine employment.” 20 C.F.R. § 718.201(a)(2).

. Felton’s petition for review was timely because under 20 C.F.R. § 802.406, following a BRB's decision on a timely motion for reconsideration, an appellant has sixty days to file a petition for review in the appropriate United States Court of Appeals. The BRB denied Felton's motion for reconsideration on November 21, 2007. Felton subsequently Bled a petition for review in this Court on December 17, 2007, within the period allotted by regulation.

. There was no biopsy evidence entered in the case, and no statutory presumptions were applicable in Felton's case.

. The BRB affirmed lire denial of benefits based upon the ALJ’s finding of no pneumoconiosis, holding it unnecessary to address the ALJ's alternative finding of no total respiratory disability. Because a miner seeking benefits must show that he is totally disabled not merely by a respiratory or pulmonary condition, but by pneumoconiosis, see Bonessa v. U.S. Steel Corp., 884 F.2d 726, 729 (3d Cir.1989), the BRB appropriately declined to review the ALJ’s alternative ground for denial of benefits.

. The BRB did not reach the ALJ's determination, in the alternative, that the evidence did not establish Felton's total disability. The issue is not properly before us. See Grigg v. Director, OWCP, 28 F.3d 416, 418 (4th Cir.1994).