NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4075
_____

SKYTOP CONTRACTING COMPANY;
LACKAWANNA CASUALTY COMPANY,

Petitioners
v.

DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS;
UNITED STATES DEPARTMENT OF LABOR;
CHARLOTTE J. DiCASIMIRRO (Widow of BERNARD J. DiCASIMIRRO),

Respondents
_____

On Petition for Review from an
Order of the Benefits Review Board,
United States Department of Labor
(Benefits Review Board No. 11-0867 BLA)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 26, 2013

Before:  FUENTES, FISHER and CHAGARES, *Circuit Judges*.

(Filed: August 15, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Skytop Contracting Company and Lackawanna Casualty Company (collectively, "Skytop") petition for review of a decision by the Benefits Review Board of the U.S. Department of Labor (the "Board"), which confirmed an award of survivors' benefits to Charlotte DiCasimirro under the Black Lung Benefits Act ("BLBA"), 30 U.S.C. § 901 *et seq.*, as amended by the Patient Protection and Affordable Care Act ("ACA"), Pub. L. No. 111-148, § 1556, 124 Stat. 119, 260 (2010). For the reasons that follow, we will deny the petition for review.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

DiCasimirro's husband, a former coal miner, was awarded black lung benefits in 1989. Following her husband's death, DiCasimirro filed a claim for survivors' benefits in 1996. That claim was denied under the pre-ACA version of the BLBA because DiCasimirro failed to establish that her husband's death was caused by pneumoconiosis (i.e., black lung disease). In 2002, DiCasimirro filed a subsequent claim for survivors' benefits, *see* 20 C.F.R. § 725.309(d) ("If a claimant files a claim under this part more than one year after the effective date of a final order denying a claim previously filed by the claimant under this part . . . , the later claim shall be considered a *subsequent claim*

2

for benefits.") (emphasis added).  This subsequent claim was also denied and became

final in March 2003.  Then, on March 23, 2010, Congress enacted the ACA, which

amended the BLBA, as codified at 30 U.S.C. § 932(*l*), and provided automatic

entitlement to benefits for surviving dependents of individuals who had been eligible for

benefits at the time of their deaths.  *B&G Constr. Co. v. Dir., OWCP*, 662 F.3d 233, 238-

53 (3d Cir. 2011) (citing ACA § 1556).  Section 1556(c) of the ACA specifies the

applicability and scope of the amendment to § 932(*l*):

> "The amendments made by this Section shall apply with respect to claims
> filed under part B or part C of the Black Lung Benefits Act (30 U.S.C. 921
> et seq., 931 et seq.) after January 1, 2005, that are pending on *or after* the
> date of the enactment of this Act [March 23, 2010]."[1]

(emphasis added).

DiCasimirro then filed a second subsequent claim for survivors' benefits on

April 22, 2011, which was granted by the DOL district director and confirmed by both an

administrative law judge ("ALJ") and the Board.  The Board found no error in the ALJ's

conclusion that, based on the award of her husband's lifetime claim and the filing date of

DiCasimirro's subsequent claim, she was entitled to survivors' benefits under the

amended BLBA.  App. at 5a-7a.  Also, the Board confirmed the ALJ's award of benefits

as of April 2003, the month after the order denying DiCasimirro's prior claim became

final.  *Id.* at 7a (citing 20 C.F.R. § 725.309(d)(5) ("In any case in which a subsequent

---

[1] Skytop misquotes ACA § 1556(c) in its brief by excluding the words "or after."
Petitioner's Br. at 8.

3

claim is awarded, no benefits may be paid for any period prior to the date upon which the order denying the prior claim became final.")).

## II.

We have jurisdiction over a petition for review of a final order from the Board under 33 U.S.C. § 921(c). The Board's decisions on matters of law are subject to plenary review. *Lombardy v. Dir., OWCP*, 355 F.3d 211, 213 (3d Cir. 2004).

## III.

Skytop now argues (1) that the BLBA's automatic entitlement provision does not apply to a subsequent claim for benefits where a prior claim was denied due to the claimant's failure to show that pneumoconiosis caused the miner's death and (2) that the Board erred in confirming that benefits should be awarded as of April 2003, the month after the order denying DiCasimirro's prior claim became final.

We recently addressed (and found unpersuasive) Skytop's first argument in *Marmon Coal Co. v. Dir., OWCP*, C.A. 12-3388, --- F.3d ---, 2013 WL 4017160 (3d Cir. Aug. 8, 2013), where we specifically held that the BLBA's automatic entitlement provision applies to a subsequent claim for benefits (filed after January 1, 2005 and pending on or after March 23, 2010) in situations where a prior claim was denied due to the claimant's failure to show that pneumoconiosis caused the miner's death. *Id.* at *3-6. Because DiCasimirro's subsequent claim was filed on April 22, 2011, it was filed after

4

January 1, 2005 and was pending on or after March 23, 2010, and thus, her claim falls within the temporal thresholds of ACA § 1556(c).

Skytop's second argument, which pertains to the commencement date for benefits, is also unpersuasive. The DOL regulation at issue specifically states that where "a subsequent claim is awarded, no benefits may be paid for any period *prior to* the date upon which the order denying the prior claim became final." 20 C.F.R. § 725.309(d)(5) (emphasis added). And, although the ACA created a new cause of action for survivors' benefits, *Marmon Coal*, 2013 WL 4017160 at *6, and abrogated certain DOL comments pertaining to subsequent claims, *see*, *e.g.*, 65 Fed. Reg. 79973 (addressing the pre-ACA treatment of subsequent claims for survivors' benefits under 20 C.F.R. § 725.309), it did not alter or contradict the regulation concerning the commencement date for the payment of benefits, § 725.309(d)(5). *See* ACA § 1556; *Marmon Coal*, 2013 WL 4017160 at *3, *6 (finding no error where the Board confirmed an award of benefits on a survivor's subsequent claim as of the month after the survivor's prior claim became final). Because the Board did not confirm an award of benefits for any period prior to the date upon which the order denying the prior claim became final, it did not err with respect to the commencement date for the payment of benefits.

## IV.

The Board did not err in confirming the award of survivors' benefits to DiCasimirro. Thus, we will deny Skytop's petition for review.