NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3310
_____

NATIONAL MINES CORPORATION; INTERNATIONAL
BUSINESS AND MERCANTILE REASSURANCE COMPANY,

Petitioners

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR; WILLIAM E. DAVIS,

Respondents
_____

On Petition for Review of a Decision and Order
of the Benefits Review Board, United States Department of Labor
BRB No. 1:11-0654 BLA

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2013

Before: SMITH, ALDISERT, and SLOVITER, *Circuit Judges*

(Filed: February 11, 2014)
_____

OPINION
_____

SMITH, *Circuit Judge.*

National Mines Corporation, the last operator to employ William Davis and the

responsible operator under the Black Lung Benefits Act, and International Business and

Mercantile Reassurance Company, National Mines' insurance carrier (collectively

referred to as National Mines), petition for review of a decision and order of the Benefits

Review Board (BRB) granting Davis black lung benefits. *See* 30 U.S.C. § 901 *et seq.* "We have jurisdiction over the BRB's final order pursuant to 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a)." *Labelle Processing Co. v. Swarrow*, 72 F.3d 308, 310 (3d Cir. 1995). For the reasons set forth below, we will deny the petition.

Under the Black Lung Benefits Act, black lung benefits are provided "for or on behalf of miners who are totally disabled due to pneumoconiosis." 20 C.F.R. § 718.204(a). A miner may establish either "clinical" or "legal" pneumoconiosis. 20 C.F.R. § 718.201(a). Clinical pneumoconiosis "consists of those diseases recognized by the medical community as pneumoconioses" because they are characterized by specific pathological findings. 20 C.F.R. § 718.201(a)(1). Legal pneumoconiosis is broader than clinical pneumoconiosis, encompassing "any chronic lung disease or impairment and its sequelae arising out of coal mine employment." 20 C.F.R. § 718.201(a)(2); *Hill v. Dir., Office of Workers' Comp. Programs*, 562 F.3d 264, 270 n.6 (3d Cir. 2009) (noting the breadth of "legal" pneumoconiosis, which is not limited to a specific set of diseases). Diagnostic tests inform the determination of whether a miner has pneumoconiosis, but benefits shall not "be denied solely on the basis of a negative chest X-ray." 20 C.F.R. § 718.202(b); *see also* 20 C.F.R. § 718.202(a)(4) (noting "determination of the existence of pneumoconiosis may also be made" by a physician "exercising sound medical judgment, notwithstanding a negative X-ray").

Davis applied for black lung benefits in April of 2004. As support for his claim, Davis offered, *inter alia*, the medical opinion of Dr. Jaworski. In a decision dated January 23, 2008, an administrative law judge (ALJ) denied Davis's application.

2

Although the ALJ concluded that Davis was totally and permanently disabled from severe emphysema, he determined that Davis's impairment was not due to either clinical or legal pneumoconiosis. In making this decision, the ALJ accorded "[l]ittle weight" to Dr. Jaworski's opinion. App. 47. Instead, the ALJ credited the opinions of Drs. Renn and Fino, who were offered by National Mines.

Davis appealed to the BRB, which affirmed in part and vacated in part. The BRB affirmed the ALJ's determination that Davis had sixteen years of coal mine employment and that he had a totally disabling respiratory or pulmonary impairment. App. 30 n.2. The BRB further affirmed the ALJ's determination that Davis failed to establish clinical pneumoconiosis. App. 31. But the BRB concluded that the ALJ failed to "properly explain the weight he accorded the conflicting medical opinions," App. 33, and that the ALJ applied different standards in assessing the opinions of Drs. Renn and Jaworski, App. 34. It also determined that the ALJ failed to properly consider the opinion of Dr. Fino. App. 35-36. As a result, the BRB vacated the ALJ's credibility findings for Drs. Fino, Renn, and Jaworski, and the ALJ's determination that Davis had failed to establish legal pneumoconiosis. It remanded Davis's case to the ALJ for further proceedings.

On remand, the ALJ analyzed the opinions of Drs. Jaworski, Renn, and Fino and credited Dr. Jaworski's opinion as well-documented and well-reasoned. Accordingly, the ALJ concluded that Davis "proved by a preponderance of the evidence that he suffers from totally disabling [legal] pneumoconiosis arising out of coal mine employment" and that benefits were due. App. 26. National Mines appealed to the BRB. In a decision dated June 22, 2012, the BRB affirmed the ALJ's award of benefits. This timely petition

3

for review followed.[1]

National Mines contends that the BRB's decision awarding benefits cannot stand because the ALJ improperly treated the preamble to the regulations, which appeared in the federal register in December of 2000, as binding authority and credited Dr. Jaworski's opinion simply because it was consistent with the preamble. *See* 65 Fed. Reg. 79,920, 79,939-46 (Dec. 20, 2000) (setting forth the Final Rule after notice and comment of the regulations implementing the Federal Coal Mine Health and Safety Act of 1969, as amended). To support its contention, National Mines points out that when the "ALJ considered the proof without reference to the preamble, he denied Davis's claim. When [the ALJ] considered the same proof in light of the preamble, he awarded benefits on the claim." Petitioners' Br. at 16.

This argument ignores that the ALJ did more on remand than just consider the preamble. The ALJ complied with the BRB's instructions and reevaluated each physician's opinion, applying the same standard to each doctor's opinion. The ALJ's reevaluation considered the respective credentials of each physician, the substance of their opinion, the support for that opinion, and whether it was consistent with the

---

[1] We review a decision of the BRB "for errors of law and for adherence to its own standard of review." *Lombardy v. Dir., Office of Workers' Comp. Programs*, 355 F.3d 211, 213 (3d Cir. 2004). We exercise "plenary review of the Board's legal determinations." *Helen Mining Co. v. Dir., Office of Workers' Comp. Programs*, 650 F.3d 248, 254 (3d Cir. 2011). The BRB "is bound by an ALJ's factual findings" if they are supported by substantial evidence. *Id.* If a party challenges a finding of fact, we are obligated to "independently review the record and decide whether the ALJ's findings are supported by substantial evidence." *Id.* (internal quotation marks and citations omitted).

4

regulatory regime that holds that pneumoconiosis may be diagnosed "notwithstanding a negative X-ray" as set forth in 20 C.F.R. § 718.202(a)(4). The ALJ then explained why he credited Dr. Jaworski's opinion and why he discounted the opinions of Drs. Renn and Fino. In light of the thorough analysis by the ALJ, we reject National Mines' contention that the decision is the result of an improper reliance on the preamble.

Alternatively, National Mines asserts that Dr. Jaworski's medical opinion was insufficient to establish legal pneumoconiosis arising out of coal mine employment. We are not persuaded.

Accordingly, we will deny the petition for review.