NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2495
_____

HARRIMAN COAL CORPORATION;
AMERICAN MINING INSURANCE COMPANY,

Petitioners

v.

MARYLOU SCHOFFSTALL, (Widow of Charles W. Schoffstall);
DIRECTOR OFFICE WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

Respondents
_____

On Petition for Review of  a Decision of the Black Lung
Benefits Review Board
(BRB Nos. 12-0388 BLA and 12-0389 BLA)
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2014

Before:   AMBRO, JORDAN and ROTH, *Circuit Judges*.

(Filed: March 10, 2014)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Harriman Coal Corporation and American Mining Insurance Company (collectively, "Harriman") seek review of an order by the Benefits Review Board (the "Board") affirming an award to Mary Lou Schoffstall of survivor benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* For the reasons that follow, we will deny the petition.

## I.     Background

Mrs. Schoffstall's late husband, Charles, worked at four different coal companies over a forty-year period. His final job was with Harriman, where he worked from 1997 through 2000. He had worked around coal since he was 16 years old and spent about 10 years of his career working in the mines. He also worked above ground in various jobs requiring hands-on labor with coal. He picked slate, which involves separating impurities from coal and sorting it into useful sizes for processing; he operated a "bull shaker," a device that assists in cleaning coal; and he delivered coal by truck, which included the responsibility of moving coal in and out of the truck bed. He claimed that his above-ground work exposed him to "a lot" of coal dust.

On July 6, 2004, Mr. Schoffstall filed a claim for disability benefits on the basis that he had contracted pneumoconiosis, otherwise known as black lung disease, as a result of working in and around mines. At the time, to recover under the Act, the burden was on Mr. Schoffstall to establish by a preponderance of the evidence that (1) he had pneumoconiosis; (2) it arose from his coal mine employment; and (3) it caused him "total disability." 20 C.F.R. §§ 718.201-204.

2

The case went before an administrative law judge ("ALJ"), who received four medical opinions: one concluded that Mr. Schoffstall's disability was a result of his exposure to mine dust, one was generally unclear about causation, and two concluded that, although he suffered from "some restrictive impairment," it was not a result of his work in the mines. (App. at A60.) The ALJ decided that, while the X-ray evidence submitted was "evenly balanced," (App. at A55), he would accord greater weight to the latter two opinions. He thus found that, although Mr. Schoffstall suffered from a total disability, "the evidence is not sufficient to establish [Mr. Schoffstall's] pulmonary disability is due to coal mine dust exposure or to coal worker's pneumoconiosis," (App. at A60.) The ALJ denied benefits, and Mr. Schoffstall appealed to the Board.

On March 5, 2007, while Mr. Schoffstall's appeal was pending, he passed away, and Mrs. Schoffstall submitted a survivor's claim on April 6, 2007. To succeed on her claim, Mrs. Schoffstall also had to prove that her husband suffered from pneumoconiosis and that it was causally related to his work in the mines. *See* 20 C.F.R. § 718.205(a).[1] She filed a motion to remand her husband's claim so that it and her own claim could be heard together. The Board obliged. Another ALJ took over the cases and denied benefits as to each, finding that the evidence did not establish the existence of pneumoconiosis. Relevant here, that ALJ also credited Mr. Schoffstall with 21.27 years of coal mine work.

While Mrs. Schoffstall's appeal was pending, Congress enacted the Patient Protection and Affordable Care Act (the "ACA"), Pub. L. No. 111-148, 124 Stat. 119,

---

[1] Under 20 C.F.R. § 725.212(a)(1), (2), a widow must also prove that she was dependent on the miner and that she is not currently married. Those issues were never in dispute in this case.

3

§ 1556, which, among other things, extended the so-called "15-year presumption" found in the Black Lung Benefits Act, 30 U.S.C. § 921(c)(4), and made that statute applicable to all direct and survivor claims under the Black Lung Benefits Act. A claimant is entitled to the 15-year presumption if the miner (1) "was employed for fifteen years or more in one or more underground coal mines" or in mining activity "substantially similar to conditions in an underground mine," and (2) suffered from "a totally disabling respiratory or pulmonary impairment." 30 U.S.C. § 921(c)(4). If those criteria are met, the claimant enjoys a rebuttable presumption that the miner was "totally disabled by pneumoconiosis [and] that his death was due to pneumoconiosis." *Id.* The employer must then rebut the presumption in one of two ways: (1) by demonstrating that the miner "does not, or did not, have pneumoconiosis," *id.*, or (2) by showing that "no part of the miner's death was caused by pneumoconiosis." 78 Fed. Reg. 59115 (revising 20 C.F.R. § 718.305(d)(2)).

Prior to the ACA's enactment, only claimants who filed before January 1, 1982, were entitled to the 15-year presumption. *See* 30 U.S.C. § 921(a), (c)(4)-(5) (1982). The ACA, however, made the presumption applicable to all claims, including survivor claims, filed after January 1, 2005, and pending on or after the enactment date of the ACA, *i.e.*, March 23, 2010. Pub. L. No. 111-148, § 1556; *see Keene v. Cons. Coal Co.*, 645 F.3d 844, 849 (7th Cir. 2011) (finding that the revived presumption applies to a widow's claim filed within the applicable time period). Thus, because Mrs. Schoffstall's claim was filed after January 1, 2005 and was pending at the time of the ACA's enactment, the Board concluded that she qualified for the 15-year presumption. The Board vacated the ALJ's

4

decision as to Mrs. Schoffstall's claim, remanded for further consideration, and directed the ALJ to determine whether Mr. Schoffstall's 21.27 years of combined underground and surface mining activities were equivalent to at least fifteen years of mining in conditions substantially similar to those of an underground mine. It affirmed the ALJ's denial of benefits on Mr. Schoffstall's claim. [2]

On remand, additional evidence was submitted, and the ALJ determined that all 21.27 years of Mr. Schoffstall's coal mine employment qualified to invoke the presumption. According to the ALJ, although Mr. Schoffstall worked only ten years in underground mines, he spent at least an additional five years laboring on the surface in conditions substantially similar to those within an underground mine. The ALJ also found that the medical evidence established a totally disabling respiratory condition, satisfying the second of the presumption's two prerequisites. The ALJ reviewed the medical report of Dr. Frederick Seidel, the physician who, after conducting two pulmonary function tests on Mr. Schoffstall, diagnosed him with pneumoconiosis, and the ALJ also reviewed the findings of Dr. Gregory Fino, Harriman's expert medical witness, who, after reviewing the pulmonary function tests, determined Mr. Schoffstall did not have pneumoconiosis. Dr. Fino also provided deposition testimony discrediting the pneumoconiosis diagnosis. The ALJ further reviewed and found persuasive a one-page letter addressed to Dr. Seidel from Dr. Henry Smith, a radiologist, who "reviewed several X-rays" of Mr. Schoffstall "and determined they were positive for

_____

[2] Because Mr. Schoffstall filed his claim before January 1, 2005, the Board determined that the 15-year presumption did not apply.

5

pneumoconiosis." (App. at A27). In the end, the ALJ accorded only minimal weight to Dr. Fino's report and testimony because she determined that (1) his diagnosis was unexplained and contradicted by first-hand observations recorded by Mr. Schoffstall's doctor; (2) his conclusion that better effort on the part of Mr. Schoffstall during the tests would have produced normal results was unexplained and speculative; and (3) his statement that Mr. Schoffstall's doctor did not diagnose a respiratory impairment was incorrect. The ALJ determined that the 15-year presumption should be invoked, thereby shifting the burden to Harriman to prove that the miner did not have pneumoconiosis or that his disabling respiratory impairment was not related to his coal mine employment.

The ALJ then determined that Harriman had not rebutted the presumption, noting that Dr. Fino actually conceded the presence of pneumoconiosis based on a later set of x-ray readings and that Harriman submitted no evidence challenging the causal relationship between the malady and the nature of Mr. Schoffstall's employment. Accordingly, the ALJ awarded benefits to Mrs. Schoffstall, ruling that the widow had "established that [Mr. Schoffstall] died due to pneumoconiosis, based on [Harriman]'s failure to rebut the [15-year] presumption." (App. at 30.)

Harriman appealed to the Board, which determined that the ALJ applied the proper burden of proof and that the finding that Harriman failed to rebut the 15-year presumption was supported by substantial evidence. It noted that Harriman wrongly focused on the first ALJ's finding of no pneumoconiosis, which did not govern because of the change in the law that rendered the 15-year presumption applicable. It further noted that Harriman failed to challenge the final ALJ's finding that Mr. Schoffstall had

worked for at least five years in conditions substantially similar to an underground mine and thus satisfied the presumption's temporal condition; rather, Harriman erroneously argued that Mr. Schoffstall had to labor underground for all 15 years to satisfy that condition, disregarding the "substantially similar" language in the statute. Accordingly, the Board affirmed the decision awarding Mrs. Schoffstall benefits.

Harriman timely appealed.

## II. Discussion[3]

Harriman brings two arguments in support of its contention that the Board's ruling was not supported by substantial evidence. First, it argues that the Board erred in determining that Mrs. Schoffstall satisfied the requirement in 20 U.S.C. § 921(c)(4) that her husband worked at least 15 years in an underground coal mine or in conditions substantially similar to those in an underground mine. Harriman points out that the ALJ only found that Mr. Schoffstall "had 'at least' 10 years of underground coalmine employment." (Petitioner's Br. at 13 (quoting App. at A16).) Because the evidence of

---

[3] The ALJ and the Board had jurisdiction pursuant to 30 U.S.C. § 932(a) and 33 U.S.C. § 921(b). We have jurisdiction under 30 U.S.C. § 932(a) and 33 U.S.C. § 921(c). We review Board decisions for errors of law and to determine whether the Board adhered to its own standard of review. *Lombardy v. Dir., OWCP*, 355 F.3d 211, 213 (3d Cir. 2004). We review questions of law de novo. *Id.* The Board is bound, as are we, by the ALJ's findings of fact, if those findings are supported by substantial evidence. *Id.* In cases where a party challenges a finding of fact, we independently review the record and decide whether that finding is supported by substantial evidence. *Helen Min. Co. v. Dir., OWCP*, 650 F.3d 248, 254 (3d Cir. 2011). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Coal Co. v. Kramer*, 305 F.3d 203, 207 (3d Cir. 2002). Under that standard, we will not disturb an ALJ's factual findings if they are supported by substantial evidence, even if we "might have interpreted the evidence differently in the first instance." *Balsavage v. Dir., OWCP*, 295 F.3d 390, 395 (3d Cir. 2002) (citation omitted) (internal quotation marks omitted).

record only supports a finding of 10 years of underground employment, Harriman argues, Mrs. Schoffstall is not entitled to the 15-year presumption. Second, Harriman argues that the opinion of Dr. Fino serves as substantial evidence of a lack of pneumoconiosis sufficient to rebut the presumption.

Regarding the temporal requirement of the statute, Harriman does not meaningfully challenge the application of the presumption. It simply fails to accept that the additional finding that Mr. Schoffstall worked in substantially similar conditions above ground for at least 5 years, combined with the 10 years he spent below ground, was sufficient to meet the requirement. *See* 20 C.F.R. § 718.305(b)(1)(i). But Harriman makes no argument challenging that additional finding.[4] Thus, the ALJ's application of the statute on this point is essentially unchallenged, *see Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) ("[A]ppellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief."), and, in any event, substantial evidence suggests that Mrs. Schoffstall is entitled to the 15-year presumption.

Regarding the issue of pneumoconiosis, Harriman overlooks the significance of the presumption's invocation: Mrs. Schoffstall was no longer required to affirmatively prove the presence of the disease – she only had to demonstrate that Mr. Schoffstall

---

[4] Harriman also argues that the ALJ should not have credited Mr. Schoffstall with 10 years of underground work and that "[t]he Judge substituted her own opinions for that of the actual evidence of record." (Appellant's Br. at 14.) But Harriman points to no actual evidence to support its contention, and instead cites Mr. and Mrs. Schoffstall's testimony supporting the ALJ's determination. The ALJ's credibility determination as to those witnesses is hardly a substitution of opinion for contradictory evidence.

8

suffered from a total disability. Once the presumption was invoked, the existence of pneumoconiosis was presumed and the burden shifted to Harriman to prove the absence of the condition. *See Morrison v. Tenn. Consol. Coal Co.*, 644 F.3d 473, 480 (6th Cir. 2011) ("[R]ebuttal requires an affirmative showing … that the claimant does *not* suffer from pneumoconiosis … ."). Importantly, even if Dr. Fino's opinion were given greater weight, it still conflicts with Dr. Seidel's convincing evidence of the existence of pneumoconiosis, which would certainly support a conclusion that Harriman did not demonstrate the absence of the disease. In addition, positive x-ray readings suggest that Mr. Schoffstall indeed suffered from the disease. Harriman's only expert, Dr. Fino, failed to explain his conclusions, *see Lango v. Dir., OWCP*, 104 F.3d 573, 577 (3d Cir. 1997) ("The mere statement of a conclusion by a physician, without any explanation of the basis for that statement, does not take the place of the required reasoning."), and Dr. Fino also acknowledged under oath that "there was radiographic pneumoconiosis based on the new chest X-ray readings that were forwarded to me" (App. at A143). Substantial evidence thus supports the ALJ's determination that Harriman failed to rebut the presumption that Mr. Schoffstall suffered pneumoconiosis.[5]

III.    Conclusion

For the foregoing reasons, we will deny the petition for review.

---

[5] Harriman does not make any argument bearing on the alternative basis for rebutting the 15-year presumption – that pneumoconiosis played no role in Mr. Schoffstall's death. Therefore, there is no need to consider that alternative.